# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# COURT FILE NO.: _____

| | |
|---|---|
| ALFREDIA GLENN,<br><br>        Plaintiff,<br>v.<br><br>CHECKSMART FINANCIAL CO., INC. (Easy Money Cash Centers), a foreign corporation; NORTHERN RESOLUTION GROUP, a corporation; Segal Bennett and Associates, a corporation and/or business entity alleging to practice law; and ROY HARRISON, an individual.<br><br>        Defendants. | **COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"); out of the Telephone Consumer Protection Act ("TCPA"); as well as arising out of invasions of Plaintiff's personal and financial privacy by these Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

PARTIES

4. Plaintiff, Alfredia Glenn, is a natural person who resides in the City of Birmingham, County of Jefferson, State of Alabama, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA and TCPA with standing to bring this claim under 15 U.S.C. §§ 1692k(a).

5. Defendant CheckSmart Financial Company, Inc. (hereinafter "Defendant Easy Money") is a payday loan / check advance lender collection agency operating from multiple addresses in an around Birmingham, Jefferson County, Alabama.

6. Defendant Northern Resolution Group, is a debt collector, with an address of P.O. Box 566, Amherst, NY 14226-00566, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. Defendant Segal Bennett & Associates, is or holds itself out as a debt collector, with an address of 626 Main Street, Buffalo, NY 14218, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

8. Defendant Roy Harrison (hereinafter "Defendant Harrison") is a natural person who was employed at all times relevant herein by Defendant Easy

Money or through a collection agency hired by same as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

9. In or around 2011, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a personal loan debt with Easy Money, in the approximate amount of $617.00.

10. On or about February 3, 2012, Plaintiff paid off the loan in full with Easy Money.

11. Sometime thereafter, the debt with Easy Money was consigned, placed or otherwise transferred to the other named Defendants for collection from Plaintiff.

12. On or about February 21, 2013, Defendant Easy Money's collector, Defendant Roy Harrison, acting as an agent of Easy Money and/or the other named defendants, contacted Plaintiff by telephone in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

13. Defendant Roy Harrison ("Mr. Harrison") called Plaintiff, leaving a message, and stated that a case had been filed in Jefferson County, and that she would be served by him or someone else regarding this claim (eluding to a law suit or

criminal charges). Mr. Harrison then left a contact number for the alleged filer of the "document," which was 855-862-9167 (a number when called, appears to belong to Segal Bennett and Associates, who apparently collect on behalf of Northern Resolution Group for Easy Money).

14. This was not the first time that an agent from Segal Bennett and Associates attempted to call and collect from Ms. Glenn as there were numerous other calls placed to her cellular phone, work place, and her sister's phone.

15. Defendant Roy Harrison & Defendant Segal Bennett and Associates also illegally used an autodialer, predictive dialer, and/or pre-recorded calls to Plaintiff's cell phone, sister's phone, and place of work without permission to do so in violation of the Telephone Consumer Protection Act (TCPA).

16. Plaintiff never gave Defendant permission to call Plaintiff's cell phone (particularly regarding a debt that was paid in full), family members, and/or work place, to call with an autodialer, predictive dialer, or to use pre-recorded calls.

17. Defendant Easy Money and/or Defendant Northern Resolution Group is liable for these calls under the FDCPA/TCPA as they were made by its debt collector, Segal Bennett and Associates, as Segal Bennett and Associates informed the Plaintiff that they were collecting this account on behalf of Defendant Easy Money.

18. Defendant Northern Resolution Group and/or the other named or fictitious Defendants caused this matter to be reported falsely on Plaintiff's credit report(s), causing damage to her credit and credit score.

19. All of the above-described collection communications made to Plaintiff by Defendant Roy Harrison and other collection employees employed by Defendant Segal Bennett and Associates, were made in violation of numerous and multiple provisions of the FDCPA & TCPA, including but not limited to 15 U.S.C. §§ 1692b(1), 1692b(5), 1692c(a)(1), 1692c(a)(3), 1692c(b), 1692d, 1692e, 1692e(5), 1692e(7), 1692e(10), and 1692(f), amongst others.

*Summary*

20. All of the above-described collection communications made to Plaintiff by each individual Defendant and other collection employees employed by Defendant Segal Bennett & Associates, were made in violation of numerous and multiple provisions of the FDCPA & TCPA, including but not limited to all of the provisions of the FDCPA and TCPA cited herein.

21. The above-detailed conduct by these Defendants of harassing Plaintiff in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA & TCPA, including but not limited to all of the above mentioned provisions of the FDCPA & TCPA, as well as an invasion of Plaintiff's privacy by an intrusion upon seclusion.

22. This series of abusive collection calls by Defendants caused Plaintiff to at times feel depressed, anxiety, nervous, as well as feeling physically and emotionally drained because of the aggressive manner in which this debt was collected by these Defendants.

23. Plaintiff has suffered actual damages as a result of these illegal collection communications by these Defendants in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, damage to her credit, as well as suffering from unjustified and abusive invasions of personal privacy.

24. During their collection communications, Defendants and these individual debt collectors employed by Defendant Segal Bennett and Associates repeatedly failed to provide Plaintiffs with the notices required by 15 U.S.C. § 1692e(11), in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e, 1692e(2), 1692e(5), 1692e(10), 1692e(11), and 1692(f), amongst others.

25. Defendants repeated attempts to collect this debt from Plaintiff, a person whom did not owe this debt, was an invasion of Plaintiff's privacy and her right to be left alone.

26. Defendants' illegal abusive collection communications as more fully described above were the direct and proximate cause of severe emotional distress on the

part of the Plaintiff and caused her an unnecessary strain in her personal relationship with her spouse, as well as with other family members, and stress at work.

### *Respondeat Superior Liability*

27. The acts and omissions of these individual Defendants, and the other debt collectors employed as agents by Defendant Segal Bennett and Associates who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant Segal Bennett and Associates.

28. The acts and omissions by these individual Defendants and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant Segal Bennett and Associates, as well as Easy Money and/or Northern Resolution Group, in collecting consumer debts.

29. By committing these acts and omissions against Plaintiff, these individual Defendants and these other debt collectors were motivated to benefit their principal, Defendant Segal Bennett and Associates and/or Defendant Easy Money as well as Defendant Northern Resolution Group.

30. Defendants Segal Bennett and Associates as well as Easy Money and/or Northern Resolution Group, are therefore liable to Plaintiff through the

Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA, TCPA, and Alabama law, in their attempts to collect this debt from Plaintiff.

## TRIAL BY JURY

31. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  U.S. Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT AND TELEPHONE CONSUMER PROTECTION ACT

## 15 U.S.C. § 1692 et seq.

32. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. The foregoing acts and omissions of each Defendant and their agents constitute numerous and multiple violations of the FDCPA & TCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA & TCPA, 15 U.S.C. § 1692 et seq. and 47 U.S.C. § 227 et. seq., with respect to Plaintiff.

34. As a result of each Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each Defendant herein.

35. Under the TCPA, Plaintiff is entitled to statutory damages of $500.00 per phone call made to Plaintiff, as well as being entitled up to $1,500.00 per phone call made willfully and knowingly in violation of said statute. (Plaintiff is also entitled to injunctive relief from the Defendant contacting Plaintiff on said cell phone.)

## COUNT II.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY

36. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

37. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

38. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors, albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

39. Defendants and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

40. Defendants and their agents intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's rights to privacy.

41. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

42. The conduct of these Defendants and their agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by these Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

43. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from each and every Defendant.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each Defendant:

### COUNT I.

# VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT and TELEPHONE CONSUMER PROTECTION ACT

## 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each Defendant and for Plaintiff;

## 47 U.S.C. Section 227 et. seq.

- for an award of statutory damages of $500.00 per call pursuant to 47 U.S.C. Section 227(b)(3)(B) against Defendants and for Plaintiff;

- for an award of treble damages of $1,500.00 per call pursuant to 47 U.S.C. Section 227(b)(3) against Defendants and for Plaintiff;

- for an injunction prohibiting Defendants from contacting the Plaintiff her cellular phone using an automated dialing system pursuant to the 47 U.S.C. Section 227(b)(3)(a).

## COUNT II.

# INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY

- for an award of actual damages from each Defendant for the emotional distress suffered as a result of the intentional and/or negligent FDCPA and TCPA violations and intentional and/or negligent invasions of privacy in an amount to be determined at trial and for Plaintiff; and

- for such other and further relief as may be just and proper.

                                      Respectfully submitted,

Dated: September 6, 2013                 **Brian L. Spellen, Esq.**
                                                        *Attorney for Plaintiff*
                                                        ASB-3262-N70S

**OF COUNSEL:**
**THE TRINITY LAW GROUP, LLC**
1933 Richard Arr., Jr., Blvd. S.
Ste. 223
Birmingham, AL 35209
P: 205-820-9474
F: 615-345-1252
E: brian@thetrinitylawgroup.com

## **VERIFICATION OF COMPLAINT AND CERTIFICATION**

STATE OF ALABAMA           )
COUNTY OF JEFFERSON        )

Pursuant to 28 U.S.C. § 1746, Plaintiff Alfredia Glenn, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorney(s) and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____ _____, _____
                      Month          Day         Year

_____
Signature

State of Alabama    )
County of Jefferson)

    I, the undersigned notary public, in and for said county and state, do hereby attest that the above referenced individual, who is known to me, appearing of their own free will, being under no duress, giving the above said testimony, on this the ___ day of _____, 20___.

_____
Notary Public

_____
My commission expires