IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT COURT
SOUTHERN DIVISION

| | |
|---|---|
| ALFREDIA GLENN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    CIVIL ACTION NO. |
| | )    2:13-CV-1715-KOB |
| CHECKSMART FINANCIAL | ) |
| COMPANY, INC., ET AL., | ) |
| | ) |
|     Defendants. | ) |

**MEMORANDUM OPINION**

This matter comes before the court on "Defendant CheckSmart Financial Company's Motion to Dismiss." (Doc. 9). Plaintiff Alfredia Glenn brings this claim under the Fair Debt Collection Practices Act ("FDCPA"), the Telephone Consumer Protection Act ("TCPA"), and Alabama law on invasion of privacy, against Defendant Checksmart Financial Co. and other defendants who have either not appeared or have not been served. Defendant CheckSmart brings its motion to dismiss under Rule 12(b)(6), arguing that Plaintiff fails to state a claim upon which relief can be granted. For the following reasons, Defendant CheckSmart's motion to dismiss will be GRANTED IN PART and DENIED IN PART.

**Standard of Review**

A Rule 12(b)(6) motion to dismiss attacks the legal sufficiency of the complaint. Generally, the Federal Rules of Civil Procedure require only that the complaint provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957)

1

(quoting Fed. R. Civ. P. 8(a)).   Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards nor do pleadings suffice that are based merely upon "labels or conclusions" or "naked assertions" without supporting factual allegations. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007).

The Supreme Court explained that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009) (quoting and explaining its decision in *Twombly*, 550 U.S. at 570). The Supreme Court has identified "two working principles" for the district court to use in applying the facial plausibility standard.  The first principle is that, in evaluating motions to dismiss, the court must assume the veracity of *well-pleaded factual* allegations; however, the court does not have to accept as true legal conclusions even when "couched as [] factual allegation[s]" or "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal,* 556 U.S. at 678. The second principle is that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. Thus, under prong one, the court determines the factual allegations that are well-pleaded and assumes their veracity, and then proceeds, under prong two, to determine the claim's plausibility given the well-pleaded facts.

## FDCPA Claim

Defendant CheckSmart argues that Plaintiff's FDCPA claim should be dismissed because CheckSmart was Plaintiff's *creditor*, not a debt collector under the FDCPA. (Doc. 10, at 4-5). Plaintiff, in response, concedes that "the FDCPA generally does not apply to creditors," but argues that the FDCPA does include "any creditor who in the process of collecting his own debts,

uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts." (Doc. 15, at 3) (citing 15 U.S.C. § 1692(a)(6)).

The statute from which Plaintiff quotes is in fact 15 U.S.C. § 1692a(6), which defines the term "debt collector" under the FDCPA.[1] Under the statutory definition, a debt collector does not include "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was originated by such person." 15 U.S.C. § 1692a(6)(F). As quoted by the Plaintiff, a limited exception applies. The term "debt collector" includes "any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicated that a third person is collecting or attempting to collect such debts." 15 U.S.C. § 1692a(6).

The factual allegations of the complaint claim that CheckSmart (called "Easy Money" in the complaint), originated the loan. (Doc. 1, ¶ 9). Therefore, under § 1692a(6)(F), CheckSmart is not a debt collector unless the alleged facts support the application of the limited exception. The complaint does not allege that CheckSmart itself attempted to collect the debt, but that "Easy Money . . . is liable for these calls under the FDCPA/TCPA as they were made by its debt collector, Segal Bennett and Associates . . . ." (Doc. 1, ¶ 17). The complaint also alleges that "the debt with Easy Money was consigned, placed or otherwise transferred to the other named Defendants for collection from Plaintiff." (Doc. 1, ¶ 11). These facts do not support an argument under the FDCPA that CheckSmart itself was collecting its debts under a false name. Therefore, the FDCPA is not applicable to CheckSmart in this circumstance and Defendant CheckSmart's

---

[1] 15 U.S.C. § 1692(a)(6), the citation used by Plaintiff, references the "Congressional findings and declaration of purpose" portion of the FDCPA.

motion is due to be GRANTED as to the FDCPA element of Count I.

## TCPA Claim

Defendant CheckSmart argues that Plaintiff's claims under the TCPA fail as a matter of law because she provided her contact information to CheckSmart as part of her loan transaction. (Doc. 10, at 7). Regardless of the law on this matter, Defendant's argument fails because the facts before the court do not show that Plaintiff provided her contact information to CheckSmart. The complaint specifically alleges that "Plaintiff never gave Defendant permission to call Plaintiff's cell phone . . ., family members, and/or work place . . ." (Doc. 1, ¶ 16). Were Defendant CheckSmart able to submit Plaintiff's actual loan application showing that she provided these phone numbers, the court would need to evaluate the issue further. Defendant CheckSmart did not submit Plaintiff's loan application, however; CheckSmart only submitted an *example* of the loan application used at the time. Such evidence is an insufficient basis on which to grant a Rule 12(b)(6) motion to dismiss. Therefore, Defendant CheckSmart's motion to dismiss will be DENIED as to the TCPA claim in Count I.

## Invasion of Privacy

Defendant CheckSmart argues that the single voicemail alleged by Plaintiff is insufficient to establish the outrageous conduct necessary for invasion of privacy under Alabama law. (Doc. 10, at 9). Alabama law specifically recognizes intrusion upon seclusion as one of the four distinct wrongs of the invasion of privacy tort and it is upon this wrong that both parties center their arguments. *See Phillips v. Smalley Maintenance Services, Inc.*, 435 So. 2d 705, 708 (Ala. 1983). The Supreme Court of Alabama has defined the wrongful intrusion aspect of invasion of privacy by adopting the definition from the Restatement (Second) of Torts. *Id*. at 708-09, *see also*

*Johnson v. Stewart*, 854 So. 2d 544, 547-48 (Ala. 2002).  It states: "One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person." RESTATEMENT (SECOND) OF TORTS, § 652B (1977).

The facts regarding the invasion of Plaintiff's privacy, when viewed in the light most favorable to the Plaintiff, include one voice message stating that a case had been filed against the Plaintiff in Jefferson County and "numerous other calls placed to [Plaintiff's] cellular phone, work place, and her sister's phone." (Doc. 1, ¶¶ 13, 15). The complaint does not state the number, frequency, or content of these calls, or any specific consequences that Plaintiff suffered as a result of the calls, other than to generally assert that "Plaintiff has suffered actual damages as a result of these illegal collection communications by these Defendants in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, damage to her credit, as well as suffering from unjustified and abusive invasions of personal privacy." (Doc. 1, ¶ 23).

Having reviewed the various examples cited by both parties of circumstances that constitute an intrusion that would be highly offensive to a reasonable person, the court finds that these facts do not rise to that level. A single voice message and various nondescript phone calls, without any additional facts, do not support a claim of a highly offensive intrusion. A court in this district has even noted that "efforts to collect a debt may be annoying, embarrassing, and upsetting without rising to the level of an invasion." *Leahey v. Franklin Collection Services, Inc.*, 756 F. Supp. 2d 1322, 1327-28 (N.D. Ala. 2010) (granting defendant's motion to dismiss based on a finding that the debt collector's actions did not rise to the level of invasion of privacy under

Alabama law). As such, this court will GRANT Defendant CheckSmart's motion as to Count II.

## Conclusion

For the reasons discussed above, the court finds that Defendant CheckSmart's motion to dismiss is due to be GRANTED IN PART and DENIED IN PART. The court will GRANT the motion as to the FDCPA claim in Count I and all of Count II and will DISMISS these claims WITHOUT PREJUDICE. The court will DENY the motion as to the TCPA claim in COUNT I. The court will also DISMISS WITH PREJUDICE all claims against Defendant Northern Resolution Group.

DONE and ORDERED this 7th day of January, 2014.

*/s/ Karon O. Bowdre*
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE